**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

★ OCT 31 2011 ★

_____ X  LONG ISLAND OFFICE

Rosemary Brumby

**Plaintiff**

-against-

**SUMMONS ISSUED**

Mercantile Adjustment Bureau,
LLC

**Defendant**
_____ X

Docket No.

CV-11 5286

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Unlawful Debt Collection Practices

**TRIAL BY JURY DEMANDED**

SPATT, J.

LINDSAY, M

Plaintiff, by her attorney Joseph Mauro, complaining of the Defendant respectfully alleges and shows to the Court as follows:

## I. INTRODUCTION

1. The Plaintiff is suing the Defendant debt collector because the Defendant used a robo-caller to repeatedly inform third parties that the Plaintiff owed an alleged debt. Additionally, the Defendant failed to meaningfully identify themselves as a debt collector in each communication with Plaintiff.

2. This is an action for damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices; as well as for violations of common law.

3. According to 15 U.S.C. 1692:

(a) There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

(b) Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c) Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

(d) Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e) It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## II. JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 15 U.S.C Section 1692k (d), 28 U.S.C Section 1337. Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

## III. PARTIES

5. Plaintiff, Rosemary Brumby is a natural person residing in Suffolk County, New York. Plaintiff is a consumer as defined by the FDCPA.

6. Defendant Mercantile Adjustment Bureau, LLC is a debt collection company engaged in the business of collecting debts in this state. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

7. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. Section 1692a(6).

## IV. FACTUAL ALLEGATIONS

8. Plaintiff repeats paragraphs "1" through "7" as if fully restated herein.

9. The Defendant alleges that the Plaintiff owes a consumer debt (the debt) for a consumer credit card. ("the debt" or "the alleged debt") The alleged debt of Plaintiff is a "debt" as defined by 15 USC 1692a in that it is a debt alleged to be owed for personal, family, or household services. The alleged debt was for the purchase of household and personal products and no part of the alleged debt was incurred for business related items or services.

10. At some point unknown to Plaintiff, Defendant alleges to have acquired the legal right to collect the alleged debt. Plaintiff has had no business relationship with Defendant and is not aware of any documents establishing Defendant's alleged right to attempt to collect the alleged debt.

11. Within one year of filing this complaint the Defendant repeatedly telephoned the Plaintiff's residence and left messages for the Plaintiff on the home answering machine used by Plaintiff and other occupants of the house.

12. The Plaintiff lives in a residence with other adults, including the Plaintiff's adult daughter.

13. All adult members of Plaintiff's household have access to, and utilize the answering machine associated with the telephone number that the Defendant called.

14. The pre-recorded message that the Defendant repeatedly left on the answering machine stated:

> *By continuing to listen to this message you acknowledge that you are Rosemary Brumby. This is Pam Moran from Mercantile Adjustment Bureau. Please contact me about an important personal business matter at 866-889-5222. This communication is from a debt collector This is an attempt to collect a debt and any information obtained will be used for that purpose.*

15. The messages left by the Defendant were repeatedly heard by the Plaintiff's daughter.

16. The Plaintiff never gave the Defendant consent to communicate with any third party in connection with the collection of the debt.

17. The Plaintiff did not give Defendant express permission to leave messages on the answering machine that Defendant called.

18. At the time that the Defendant left the messages, the Defendant did not have any information to substantiate that the Plaintiff lived alone.

19. Additionally, the Defendant left a message on the Plaintiff's answering machine that failed to meaningfully identify themselves and failed to give the notices required by 15 USC 1692e(11). The full content of the message was:

> *Hi. Rosemary this is Kim Aldwin. Return my call at 866-716-1545. My direct extension is 8587. I'll talk to you later. Bye.*

20. By failing to meaningfully identify themselves, Defendant violated 15 USC 1692d(6).

21. By failing to indicate that they were a debt collector, Defendant violated 15 USC 1692e(11).

## V. CAUSE OF ACTION UNDER THE FAIR DEBT COLLECTION PRACTICES ACT

22. Plaintiffs repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

23. Defendant's actions as described herein violated the following provisions of the FDCPA:

    a. 15 U.S.C Section 1692e

    b. 15 U.S.C Section 1692e(10)

    c. 15 U.S.C Section 1692e(11);

    d. 15 U.S.C. Section 1692d(6); and

    e. 15 U.S.C Section 1692c(b)

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants, for the following:

    A. Actual damages

    B. Statutory damages

    C. Costs and reasonable attorney's fees pursuant to the FDCPA;

    D. For such other and further relief as the Court may deem just and proper.

                                Respectfully submitted,

                                Joseph Mauro (JM: 8295)
                                The Law Office of Joseph Mauro, LLC
                                306 McCall Ave.
                                West Islip, NY 11795

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

_____
Joseph Mauro